**ORIGINAL**

SHOOK, HARDY & BACON L.L.P.
Colin E. Schreck (SBN: 246284)
One Montgomery, Suite 2700
San Francisco, CA 94104-4505
Telephone: 415.544.1900
Facsimile: 415.391.0281
cschreck@shb.com

Attorneys for Defendant
TYCO FIRE PRODUCTS LP

FILED
JUL 18 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TYCO FIRE PRODUCTS, LP, a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **C12-03752**<br><br>**TYCO FIRE PRODUCTS LP'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Tyco Fire Products LP ("TFP"), by and through its counsel, specifically denies each and every allegation in Plaintiff's Complaint not expressly and specifically admitted herein, and for its Answer, with Separate Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

1.  TFP is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1 of Plaintiff's Complaint and, therefore, denies those allegations.

2.  TFP is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of Plaintiff's Complaint and, therefore, denies those allegations.

3. TFP admits that it is a Delaware limited partnership with a principal place of business in Pennsylvania and is authorized to transact and conduct business in the state of California.

4. Paragraphs 4 of Plaintiff's Complaint, does not state allegations against or seek relief from TFP and, therefore, no answer is required of TFP. If Paragraph 4 of Plaintiff's Complaint is construed to state allegations against or seek relief from TFP, TFP denies each and every allegation contained therein.

5. Paragraphs 5 of Plaintiff's Complaint, does not state allegations against or seek relief from TFP and, therefore, no answer is required of TFP. If Paragraph 5 of Plaintiff's Complaint is construed to state allegations against or seek relief from TFP, TFP denies each and every allegation contained therein.

6. TFP is without knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of Plaintiff's Complaint and, therefore, denies those allegations.

7. TFP is without knowledge or information sufficient to admit or deny the allegations of Paragraph 7 of Plaintiff's Complaint and, therefore, denies those allegations.

8. TFP is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8 of Plaintiff's Complaint and, therefore, denies those allegations.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint call for a legal conclusion and do not require a response from TFP. To the extent the allegations contained in this paragraph require a response from TFP, TFP is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9 of Plaintiff's Complaint and, therefore, denies those allegations.

///
///
///
///
///

## FIRST CAUSE OF ACTION

### Negligence Against Defendant TYCO FIRE PRODUCTS, LP, and DOES 1 through 25, Inclusive

10. In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, TFP restates and incorporates by reference its answers in paragraphs 1-9 above as if the same were fully set forth herein.

11. TFP is without knowledge or information sufficient to admit or deny the allegations of Paragraph 11 of Plaintiff's Complaint and, therefore, denies those allegations.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion and do not require a response from TFP. To the extent the allegations contained in this paragraph require a response from TFP, TFP denies each and every allegation contained in this paragraph.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint call for a legal conclusion and do not require a response from TFP. To the extent the allegations contained in this paragraph require a response from TFP, TFP denies each and every allegation, including subparts a-g, contained in this paragraph.

14. TFP denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15. TFP denies the allegations of Paragraph 15 of Plaintiff's Complaint.

Further answering, TFP denies that Plaintiff is entitled to any relief sought in the WHEREFORE clause following Paragraph 15 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

TFP sets forth below its affirmative defenses. By setting forth these affirmative defenses, TFP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.

1. The Complaint fails to state a cause of action against TFP.

2.  Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or its insured failed to mitigate its damages, if any.

3.  If Plaintiff was damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by Plaintiff's and/or Plaintiff's insured's negligence and Plaintiff's recovery, if any, should be reduced in proportion to its comparative fault.

4.  If Plaintiff was damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by the comparative fault of others, whether or not parties to this action, and Plaintiff's recovery, if any, should be reduced in proportion to the comparative fault of those others.

5.  If Plaintiff was damaged, as alleged in the Complaint or at all, such damages were caused by the unforeseeable acts, wrongs or omissions by intervening or superseding actions of third parties of which TFP had no control and for which TFP is not responsible.

6.  Plaintiff's Complaint is barred by the applicable statute of limitations.

7.  Plaintiff is estopped from asserting any claims or damages or seeking any other relief whatsoever against TFP by their own acts or the acts of its insured.

8.  Plaintiff and/or its insured has waived and/or released all claims, if any, against TFP by their own acts.

9.  Plaintiff's claims are barred in whole or in part by the doctrines of laches.

10. There was no privity of contract between Plaintiff and/or its insured and TFP and, therefore, any recovery by Plaintiff under a theory of warranty is barred.

11. Plaintiff's recovery against Defendant, if any, should be reduced or barred by any settlement, judgment, or payment of any kind received from any other individual or entity in connection with the subject matter of the incident described in Plaintiff's Complaint.

12. The "Sprinkler" described in Plaintiff's Complaint was not in the same condition at the time of the events, injuries, and damages alleged in the Plaintiff's Complaint

as when it left the custody and possession of TFP and, therefore, any recovery by Plaintiff is barred.

13. Any alleged defect in the "Sprinkler" described in Plaintiff's Complaint developed as a result of unforeseeable misuse, abuse, abnormal use, alterations, changes, modifications, or improper maintenance or repairs made to the "Sprinkler" described in Plaintiff's Complaint after it left the possession and control of TFP by persons or entities over which TFP had no control and, therefore, any recovery by Plaintiff against TFP is barred.

14. All acts of TFP at the time of manufacture, sale, or distribution of the "Sprinkler" described in Plaintiff's Complaint were in conformity with the state-of-the-art at such times and, therefore, any recovery by Plaintiff against TFP is barred.

15. TFP reserves the right to rely on other defenses that become available during the discovery proceedings in this case and reserves the right to amend its answer to assert any such defense.

16. TFP reserves the right to rely on the affirmative defenses raised by other parties to this litigation.

WHEREFORE, Tyco Fire Products LP prays for entry of judgment in its favor and against Plaintiffs as follows:

1. that Plaintiffs take nothing by way of the Complaint;
2. that Defendant be awarded costs of suit;
3. that Defendant be awarded reasonable attorneys' fees; and
4. for such other and further relief as this Court deems just and proper.

///
///
///
///
///

## JURY DEMAND

Defendant TFP demands a trial by jury in this matter.

Date: July 18, 2012

SHOOK, HARDY & BACON L.L.P.

By: _____
Colin E. Schreck
Attorneys for Defendant
TYCO FIRE PRODUCTS LP